IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15-CV-246-WKW |
| ) | [WO] |
| LORENZO PEARSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **MEMORANDUM OPINION AND ORDER**

This action is before the court on Defendant Lorenzo Pearson's removal of a criminal case currently pending against him in the District Court of Dale County, Alabama. Mr. Pearson seeks to remove the action pursuant to 28 U.S.C. § 1443. Pursuant to § 1443:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  When a defendant seeks the removal of a state-court prosecution, the district court is required to "examine the notice promptly" to determine whether removal is appropriate, and, if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  § 1455(b)(4).

The Supreme Court addressed the scope of removal under § 1443 in *Georgia v. Rachel*, 384 U.S. 780 (1966), and articulated the two-pronged test that still controls today.  First, a defendant must show "that the right upon which [he] rel[ies] is a 'right under any law providing for . . . equal civil rights.'"  *Id*. at 788 (quoting § 1443(1)).  Second, the defendant must show that he is "'denied or cannot enforce' that right" in the state court in which the action currently sits.  *Id*.

Mr. Pearson argues that the State's prosecution of him has resulted in the denial of his rights under 42 U.S.C. § 1981 and 18 U.S.C. § 245, as well as under the First, Fifth, and Fourteenth Amendments.  As to Mr. Pearson's reliance upon 18 U.S.C. § 245 and the First, Fifth, and Fourteenth Amendments, these rights do not fall within the scope of § 1443(1), as they provide rights of "general application available to all persons or citizens," and § 1443(1) only encompasses those rights which "'provid[e] for specific civil rights stated in terms of racial equality.'"  *Alabama v. Conley*, 245 F.3d 1292, 1295–96 (11th Cir. 2001) (quoting *Rachel*, 384 U.S. at 792).  Mr. Pearson's allegation of the violation of his rights

2

afforded under § 1981, however, would support a valid claim for removal under § 1443(1). *Id*. at 1296. Because, as the Supreme Court explained in *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 825 (1966), § 1981 is a statute "providing for 'equal civil rights' within the meaning of § 1443(1)."

Despite meeting prong one of the test provided in *Rachel v. Georgia*, the removal petition fails because Mr. Pearson is unable to meet *Rachel*'s second prong. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Conley*, 245 F.3d at 1296 (quoting *Rachel*, 384 U.S. at 803). As the Eleventh Circuit has explained, "[t]his requirement ensures that removal is available only in cases where the denial of the right can be clearly predicted and avoids involving federal judges in 'the unseemly process of prejudging their brethren of the state courts.'" *Id*. (quoting *Rachel*, 384 U.S. at 803–04). Mr. Pearson's pending state-court prosecution is for illegally committing theft of water in violation of Alabama Code § 13-8-23, and there is no contention that Alabama's theft of water provision is not facially neutral.

The Supreme Court has created a narrow exception to allow the removal of an action grounded upon the violation of a facially neutral law "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred" by the applicable federal statute. *Id*. To fall within this exception, however, it is not enough to allege that one's civil rights have been "illegally and corruptly"

3

denied prior to trial, "that the charges are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood*, 384 U.S. at 827. As the Supreme Court has highlighted, it is insufficient to rely solely upon allegations as to the underlying motives of the charging officers or other applicable parties, because such motives do not necessitate that a defendant will be found guilty in state court if he is innocent "or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights." *Id.* (quoting § 1443(1)). Unlike *Rachel*, in which the defendants were prosecuted in state court despite being immunized from suit by the federal right relied upon, the vindication of Mr. Pearson's federal rights are appropriately left to the state court because those rights are not being denied by the mere act of bringing him to trial. *See Rachel*, 384 U.S. at 804; *Conley*, 245 F.3d at 1298 ("In *Rachel*, it was only because section 203(c) of the Civil Rights Act of 1964 expressly immunized the defendants from prosecution [for the applicable activity] . . . that 'the mere pendency of the prosecution enable[d] the federal court to make the clear prediction that the defendants w[ould] be 'denied or c[ould] enforce in the courts of (the) State' the right to be free of any 'attempt to punish' them for [the] protected activity.").

Based on the foregoing analysis, it is ORDERED that this case is REMANDED to the District Court of Dale County, Alabama, and Mr. Pearson's pending motion to proceed *in forma pauperis* (Doc. # 2) is DENIED as moot.

The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

DONE this 3rd day of June, 2015.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE